UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| DANA A. DOYLE,<br><br>    Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT INC.,<br><br>    Defendant. | Civil Action No.<br><br>2:14-cv-3893-KM-SCM<br><br>**REPORT AND RECOMMENDATION ON ATTORNEYS FEES AND COSTS**<br><br>**[D.E. 27]** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION,** United States Magistrate Judge.

This matter comes before the Court upon Plaintiff Dana Doyle's ("Ms. Doyle") Motion for Attorneys' Fees and Costs seeking $13,607.50, following her acceptance of an Offer of Judgment from Midland Credit Management ("Midland").[1] Midland opposed the Motion,[2] and Ms. Doyle filed a reply in support of the Motion.[3] The Honorable Kevin McNulty U.S.D.J., referred the motion to the Undersigned for Report and Recommendation.[4] Upon consideration of the parties' submissions and for the reasons stated herein, it is respectfully recommended that Ms. Doyle's motion for attorneys' fees and costs be **GRANTED IN PART**. It is recommended that the Court

---

[1] (ECF Docket Entry No. ("D.E.") 27, Pl.'s Motion for Att'y's Fees and Costs, at 8); Fed. R. Civ. P. 68.

[2] (D.E. 32, Def.'s Opp'n).

[3] (D.E. 33, Pl.'s Reply).

[4] L. Civ. R. 72.1(a)(2).

award Ms. Doyle $11,594.38 in attorneys' fees and $515.00 in litigation costs, for a total award of $12,109.38.

I. **BACKGROUND AND PROCEDURAL HISTORY**[5]

Ms. Doyle filed her Complaint on June 17, 2014, alleging that Midland violated the Fair Debt Collection Practices Act ("FDCPA") in attempting to collect a consumer debt from Ms. Doyle.[6] Midland is a debt collection firm.[7] Ms. Doyle alleges that within a year of the filing of the lawsuit, Midland attempted to collect on her consumer debt by continuously calling, even after Ms. Doyle sent a cease and desist letter.[8] Ms. Doyle's Complaint specifically alleges that Midland called "no less than one-hundred and fourteen times (114) between May 21, 2014 and August 21, 2014"[9] and that they called "no less than nine (9) times" after receipt of a cease and desist letter.[10] Ms. Doyle alleged that this practice violated the FDCPA.[11]

Subsequently, the parties litigated the case lightly and briefly. Midland filed its Answer on August 13, 2014.[12] Thereafter, Ms. Doyle amended her complaint on February 19, 2015,[13] which

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1, Compl., at ¶ 19).

[7] *Id.* at ¶ 6.

[8] *Id.* at ¶¶ 10, 13.

[9] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 3).

[10] *Id.* at ¶ 15.

[11] (D.E. 1, Compl., at ¶¶ 17, 18–21).

[12] (D.E. 6, Answer).

[13] (D.E. 16, Am. Compl.).

defendant answered on March 24, 2015.[14] On November 25, 2014, the Court held a Rule 16 conference.[15] On April 17, 2015, this case was transferred temporarily to the United States District Court for the Southern District of California as part of a related Telephone Consumer Protection Act ("TCPA") Multi-District Litigation ("MDL").[16] On July 12, 2017, the case was remanded from the MDL and returned once more before this court.[17]

Midland served an Offer of Judgment ("the Offer") under Federal Rule of Civil Procedure 68.[18] The date of the Offer is August 23, 2017.[19] Ms. Doyle accepted the Offer on August 30, 2017.[20] After being unable to come to an agreement on Ms. Doyle's reasonable attorneys' fees and costs, on October 9, 2017, Ms. Doyle filed the present motion for attorneys' fees and costs.[21] Responsive to an Order of this Court,[22] Ms. Doyle then filed a letter to supplement this Motion on

---

[14] (D.E. 18, Answer to Am. Compl.).

[15] (D.E. 10, Scheduling Order).

[16] (D.E. 19, MDL Conditional Transfer Order).

[17] (D.E. 20, MDL Order of Remand).

[18] (D.E. 24).

[19] *Id.*

[20] (D.E. 27, Pl.'s Motion for Att'y's Fees and Costs, at ¶ 4).

[21] (D.E. 27, Pl.'s Motion for Att'y's Fees and Costs).

[22] (D.E. 28).

3

November 20, 2017.[23] On November 13, 2017, Midland filed a Memorandum in opposition,[24] and on November 20, 2017, Ms. Doyle filed a reply to Midland's opposition.[25]

Ms. Doyle's motion seeks $13,607.50 in attorneys' fees and costs for four attorneys as well as paralegal staff.[26] Midland opposes Ms. Doyle's motion for fees and costs on several grounds. Midland contends that Ms. Doyle's request is unreasonable because the request reflects "four (4) attorneys on a simplistic consumer protection matter" invoicing "inflated rates . . . and unreasonable hours expended"[27] as well as "unreasonable time spent for clerical" duties.[28] Additionally, Midland contends that Ms. Doyle's counsel should not be compensated for time spent litigating this matter "in the MDL, as the TCPA is not a fee shifting statute."[29] Ms. Doyle's total request for attorney's fees and costs increased to $15,675.50 following completion of the reply to Midland's opposition.[30]

---

[23] (D.E. 29, Pl.'s Suppl. Letter).

[24] (D.E. 32, Def.'s Opp'n).

[25] (D.E. 33, Pl.'s Reply).

[26] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 4).

[27] (D.E. 32, Def.'s Opp'n, at 4–5).

[28] *Id.* at 3.

[29] *Id.* at 4.

[30] (D.E. 33, Pl.'s Reply, at 5–6).

II.  **LEGAL STANDARD**

Under the FDCPA, a "debt collector who fails to comply with any provision"[31] of the Act "with respect to an individual plaintiff is liable for any actual damages sustained as well as statutory damages as awarded by the court, not to exceed $1,000.00."[32] In the case of successful actions to enforce liability, the Act provides for an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court."[33]

In the context of awarding attorneys' fees under Section 1692k(a)(3), a plaintiff may be considered a "prevailing party" if a "plaintiff succeeds on any significant issue in litigation which achieves some of the benefit plaintiff sought by bringing the suit."[34] The Third Circuit has held that successful cases under the FDCPA require an award of attorney's fees and that those fees "should not be construed as a special or discretionary remedy."[35]

The FDCPA specifically provides that an attorney's fee under the Act must be "reasonable."[36] Generally, a reasonable fee is one which is "adequate to attract competent counsel, but which [does] not produce windfalls to attorneys."[37] In order to determine a reasonable fee

---

[31] 15 U.S.C. § 1692k(a)(1), (a)(2)(A).

[32] *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 457 (D.N.J. 2012); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

[33] 15 U.S.C. § 1692k(a)(3); *see also Graziano*, 950 F.2d at 113.

[34] *Bilazzo*, 876 F. Supp. 2d at 457.

[35] *Graziano*, 950 F.2d at 113.

[36] 15 U.S.C. § 1692k(a)(3).

[37] *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir.1995) (citations omitted).

under the Act, courts must calculate the "lodestar" amount by "multiplying the total number of hours reasonably expended by a reasonable hourly rate."[38]

As the moving party, Ms. Doyle bears the burden of proving that the requested hourly rates and hours claimed are reasonable.[39] If the opposing party wishes to challenge the fee award, the opposing party must then object "with sufficient specificity."[40] Once an "adverse party raises specific objections to the fee request, the district court has a great deal of discretion to adjust the award in light of those objections."[41] After such an objection, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable."[42] Time spent on an FDCPA fee petition is compensable.[43]

III. **DISCUSSION AND ANALYSIS**

With the above principles in mind, the Court notes that Midland does not dispute that the FDCPA provides for an award of reasonable attorney's fees and costs, nor does Midland dispute that Ms. Doyle is a prevailing party in this matter due to her recovery of a judgment for $1,001.00.[44]

---

[38] *Bilazzo*, 876 F. Supp. 2d at 458.

[39] *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[40] *Id.*

[41] *Blakey v. Cont'l Airlines*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998) (citations omitted).

[42] *Interfaith*, 426 F.3d at 703 n.5.

[43] *See Bagby v. Beal*, 606 F.2d 411, 416 (3d Cir. 1979)(holding that in fee cases where the fee is authorized as a separate statutory award "plaintiff's attorneys were entitled to compensation for the time spent preparing the fee petition and successfully appealing the fee award"); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980)(finding that the District Court erred in refusing to compensate the prevailing attorney for his time "prosecuting the fee application.").

[44] (D.E. 32, Def.'s Opp'n, at 3; D.E. 29-6, Offer of J.).

Accordingly, the Court will address only the issues in dispute; whether Ms. Doyle's requested attorneys' fees and hours requested are reasonable, and whether any of the fees sought accrued inappropriately while litigating the TCPA.

### a. Breakdown of Fee Award Sought

While Ms. Doyle's original Motion sought an award of $13,607.50,[45] Ms. Doyle now seeks an award of attorneys' fees totaling $15,675.50, inclusive of the fee application process.[46] Ms. Doyle requests an award of fees for Alla Gulchina, Esq., Stuart Price, Esq., David Force, Esq., and Matthew Sheffield, Esq.[47]

1. Alla Gulchina, Esq. for 5 hours at $425 per hour—totaling $2,125;
2. David Force, Esq. for 9.4 hours at $325 per hour—totaling $3,055;
3. Stuart Price, Esq. for 8.6 hours at $550 per hour—totaling $4,730;
4. Matthew Sheffield, Esq. for 2.2 hours at $250 per hour—totaling $550.
5. Fees incurred in preparation of the motion—$2,068.00.

Ms. Doyle also seeks to recover $515.00 in litigation costs which include the $400.00 filing fee for the complaint.[48] Midland does not dispute Ms. Doyle's ability to recover $515.00 in

---

[45] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 8).

[46] (D.E. 33, Pl.'s Reply, at 5–6).

[47] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 8; D.E. 33, Pl.'s Reply, at 5–6).

[48] *Id.* at 8.

litigation costs pursuant to the Offer of Judgment.[49] Accordingly, the Court will add the $515.00 in costs to the lodestar calculation set forth below.

### b. Hours devoted to TCPA claim

Between April 17, 2015 and July 12, 2017, this matter was inactive in this District as it had been transferred to the Southern District of California as part of a TCPA MDL.[50] Ms. Doyle postulates that "work . . . performed during the MDL . . . was necessary to preserve Plaintiff's FDCPA claim."[51] In discussing the inseparable and indistinguishable nature of the work completed on these two distinct claims (FDCPA and TCPA), Ms. Doyle notes that the claims "relate to the same conduct and are inextricably intertwined."[52] Ms. Doyle, therefore, contends that any work done on either claim was ultimately integral in the success or failure of the other. As a preliminary matter, Midland objects to the inclusion of fees incurred in connection with the MDL.[53] Midland correctly states that while FDCPA is a fee shifting statute, the TCPA is not. Thus an award of attorney's fees and costs is not available for work done *strictly* with regard to the TCPA violations.

Citing no applicable case law, Midland requests that billing items related to the MDL litigation be omitted from the fee award.[54] The three activities with which Midland specifically takes issue are the review of the MDL tag-along notice, preparation of a status report at the end of

---

[49] (D.E. 32, Def.'s Opp'n).

[50] (D.E. 19, 20).

[51] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 2).

[52] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 3).

[53] (D.E. 32, Def.'s Opp'n, at 15).

[54] (D.E. 32, Def.'s Opp'n, at 15–16).

the MDL, and the time taken to respond to their motion to dismiss.[55] They specifically delineate an issue with a total of 7.4 hours they identify as associated strictly with the MDL.[56] This calculation, though, includes the 6.8 *estimated* hours for Stuart Price, though he only requested reimbursement for 4.8 of those hours.[57]

In examining cases with multiple defendants or multiple claims, courts have consistently found that attorney hours "'fairly devoted' to [another matter] that also support [the instant matter] are compensable."[58] In the *McKenna* case cited by Ms. Doyle, the court dealt with just such an issue. Discussing the reduction of attorney's fees, the court made it clear that fees for litigating distinct and separate claims, not involving "a common core of facts" or similar legal theories are properly reduced.[59] Those fees involving matters common to the litigation as a whole, though, would not warrant reduction.[60] Ms. Doyle asserts that "[t]he TCPA and FDCPA claim are so intertwined that discovery for both claims would essentially be the same."[61] The Court agrees with

---

[55] (D.E. 32, Def.'s Opp'n, at 15).

[56] *Id.*

[57] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 6).

[58] *Rode v. Dellarciprete*, 892 F.2d 1177, 1185 (3d Cir. 1990); *see also Baughman v. Wilson Freight Forwarding Co.,* 583 F.2d 1208 (3d Cir. 1978); *Pawlak v. Greenawalt*, 713 F.2d 972 (3d Cir. 1983).

[59] *McKenna v. City of Philadelphia*, 582 F.3d 447, 457 (3d Cir. 2009).

[60] *Rode v. Dellarciprete*, 892 F.2d 1177, 1185 (3d Cir. 1990); *see also Baughman v. Wilson Freight Forwarding Co.,* 583 F.2d 1208 (3d Cir. 1978); *Pawlak v. Greenawalt*, 713 F.2d 972 (3d Cir. 1983).

[61] (D.E. 27-1, Pl.'s Mem. of Law in Supp. of Motion for Att'y's Fees and Costs, at 3).

this contention and finds that Ms. Doyle appropriately reduced the total hours requested to reflect time that was spent dealing *exclusively* with the TCPA claim.

### c. Reasonable Hourly Rates

Next, the Court will decide whether Ms. Doyle's requested hourly rates are reasonable. Ms. Doyle bears the burden of establishing that her requested hourly rates are reasonable and must submit evidence supporting those rates.[62] Courts determine a reasonable hourly rate in reference to the prevailing market rates in the relevant community. In considering the prevailing market rates, courts "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[63]

Accordingly, this Court only considers whether the present rates set forth in the attached Declarations,[64] are reasonable. Ms. Doyle submits the Declarations of David Force, Esq. ("Mr. Force") and Matthew Sheffield, Esq. ("Mr. Sheffield") at the Law Offices of Michael Lupolover, P.C. as well as Alla Gulchina, Esq. ("Ms. Gulchina") and Stuart Price, Esq. ("Mr. Price") at the law firm of Price Law Group, APC in support of Ms. Doyle's motion for fees and costs. Mr. Force, a Supervising Attorney, seeks fees at $325/hour.[65] Mr. Sheffield, a Senior Associate Attorney,

---

[62] *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

[63] *See Interfaith*, 426 F.3d at 708 (citation omitted); *L.J. v. Audubon Bd. of Educ.*, 373 F. App'x 294, 296 (3d Cir. 2010) (citation omitted).

[64] (D.E. 29-2, Decl. of David Force, Esq.; D.E. 29-3, Decl. of Matthew Sheffield, Esq.; D.E. 29-4; Decl. of Alla Gulchina, Esq.; D.E. 29-4, Decl. of Stuart Price, Esq.).

[65] (D.E. 29-2, Decl. of David Force, Esq.).

seeks $250/hour.[66] Both Mr. Force and Mr. Sheffield cite cases in which courts have deemed their rates reasonable.[67] Further, Midland does not seek to reduce Mr. Sheffield's hourly rate. For these reasons, the Court finds the hourly rates of both Mr. Force and Mr. Sheffield reasonable.

Midland does seek reduction of the hourly rates requested by Ms. Gulchina and Mr. Price. Ms. Gulchina, a Senior Associate Attorney, seeks $425/hour.[68] Mr. Price, a founding partner, seeks $550/hour.[69] Midland proposes that these rates be reduced to $300 and $250, respectively.[70]

The Survey Report states the median attorney rate for Consumer Law Attorneys in Northern New Jersey is $425.00/hour and the median metropolitan attorney rate is $463.00/hour.[71] The Survey Report also states, however, that the median years in practice of those surveyed is twenty years.[72] In contrast, Ms. Gulchina has practiced for 8 years while Mr. Price has practiced for approximately 26 years.[73] Midland contends that these rates should be substantially reduced, citing primarily to cases in other Districts in which attorneys were awarded lesser fees in similar cases.[74] On reply, Ms. Doyle points not only to the fee schedule and inflation, but also to the

---

[66] (D.E. 29-3, Decl. of Matthew Sheffield, Esq.).

[67] (D.E. 29-2, Decl. of David Force, Esq.; D.E. 29-3, Decl. of Matthew Sheffield, Esq.).

[68] (D.E. 29-4, Decl. of Alla Gulchina, Esq.)

[69] (D.E. 29-4, Decl. of Stuart Price, Esq.).

[70] (D.E. 32, Def.'s Opp'n, at 12).

[71] (D.E. 27-2, U.S. Consumer Law Att'y Fee Survey Report).

[72] *Id.*

[73] (D.E. 29-2, Decl. of David Force, Esq.; D.E. 29-3, Decl. of Matthew Sheffield, Esq.; D.E. 29-4; Decl. of Alla Gulchina, Esq.; D.E. 29-4, Decl. of Stuart Price, Esq.).

[74] (D.E. 32, Def.'s Opp'n, at 8–11).

specific expertise in "consumer protection" brought by both Ms. Gulchina and Mr. Price to the case.[75] In light of the foregoing, their hourly fees will be reduced by 15%.

### d. Reasonable Hours Expended

Turning then, to whether Ms. Doyle's claimed hours are reasonable, a party "is not automatically entitled to compensation for all the time its attorneys spent working on the case."[76] Instead, a court must "decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are excessive, redundant, or otherwise unnecessary."[77] A court "may not reduce an award *sua sponte*" and must only do so in response to the opposing party's specific objections.[78] Once an opposing party has made a specific objection, the burden lies with the prevailing party to justify its request.[79]

As a general rule, clerical or administrative tasks are not normally billed to a paying client, and may not be recovered through a fee petition.[80] "Administrative tasks generally include, but are not limited to, opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk."[81]

---

[75] (D.E. 33, Pl.'s Reply, at 2–3).

[76] *Interfaith*, 426 F.3d at 711.

[77] *Id.* (internal quotation marks omitted).

[78] *Id.*

[79] *Id.*

[80] *Bilazzo*, 876 F. Supp. 2d at 471–72 (*quoting Pub. Interest Research Grp.*, 51 F.3d at 1188).

[81] *Id.* at 472.

Midland seeks to omit "1.9 Hours of Clerical Work [a]nd 7.3 Hours of Redundant Work[,]"[82] however, they list with specificity only the following time entries (for a total of 1.9 and 6.8 hours, respectively):

(1) November 26, 2014, Mr. Sheffield – "Review and calendaring of dates in Scheduling Order .30";

(2) December 8, 2014, Mr. Force – "Preparation and filing of cover letter and subpoena .50";

(3) February 88, 2015 [sic], Mr. Force – "Preparation and filing of amended complaint .70";

(4) January 7, 2017, Ms. Gulchina – "Drafting and filing notice of appearance .20";

(5) August 29, 2017, Ms. Gulchina – "Review joint agenda filing .20";

(6) May 13, 2014, Mr. Force – "Received inquiry from Price Law Group, shared information for review, setup consult with client, researched into defendant's business and check viability of the same 1.3";

(7) June 9, 2014, Mr. Force – "reviewed draft complaint and made edits based on review of client's recrods and file. Reviewed FDCPA to determine appropriate violations 1.6";

(8) April 17, 2015, Mr. Sheffield – "Review of MDL transfer order .20";

(9) April 17, 2015, Mr. Price – "Review of MDL transfer order and appear in S.D. of California .20";

(10) January 17, 2017, Ms. Gulchina – "Review of Doyle v. Midland case file 2.5";

---

[82] (D.E. 32, Def.'s Opp'n, at 12).

(11) October 6, 2017, Mr. Price – "Review of motion for fees 1.0"[83]

Midland objects to items 1–4 on the grounds that these are "non-billable, clerical entries" and items 5–11 as "non-billable, redundant entries."[84] With respect to the items Midland claims are purely clerical in nature, the Court finds merit only in the argument that the .3 hours spent reviewing and calendaring dates in the scheduling order is such.[85] In accordance with *Planned Parenthood,* cited by both parties, the Court finds no merit in Midland's claims of repetitive work.[86]

Finally, Ms. Doyle requests that "the time spent preparing and filing the motion for fees" be included in this fee application, presumably to include the time spent preparing the reply.[87] That request, though, lacks specificity, is billed at a rate not commensurate with any of the other rates included in the original fee application, and is, therefore, omitted.

---

[83] (D.E. 32, Def.'s Opp'n, at 14–15).

[84] *Id.* at 14.

[85] *See Whitt v. Receivables Performance Mgmt., LLC*, 2012 U.S. Dist. LEXIS 142182, *11 (finding fees for "opening a file, entering client information into a database and preparing an amicus precedent to track litigation progress and status" unreasonable). *But see Zavodnick v. Gordon & Weisberg, P.C., 2012 U.S. Dist. LEXIS 78868, *18* ("reviewing emails, communicating with other . . . lawyers, reviewing docket notices, and the like—are not administrative. Unlike file maintenance, for instance, these tasks are an essential part of counsel's work for the client").

[86] *See Planned Parenthood of Cent. New Jersey v. Attorney Gen. of State of New Jersey*, 297 F.3d 253, 271 (3d Cir. 2002) ("the time a party spends reviewing the facts and underlying documents of a case is compensable").

[87] (D.E. 33, Pl.'s Reply, at 5–6).

### e. Lodestar Calculation

For the reasons set forth above, the lodestar in this case is as follows:

| Legal Professional | Hourly Rate Requested | Reasonable Hourly Rate | Reasonable Hours Expended | Subtotal of Recoverable Fees |
|---|---|---|---|---|
| Alla Gulchina, Esq. | $425.00 | $361.25 | 9.9 | $3,576.38 |
| David Force, Esq. | $325.00 | $325.00 | 9.4 | $3,055.00 |
| Stuart Price, Esq. | $550.00 | $467.50 | 9.6 | $4,488.00 |
| Matthew Sheffield, Esq. | $250.00 | $250.00 | 1.9 | $475.00 |
| | | | | $11,594.38 |

In conclusion, Ms. Doyle is entitled to recover $11,594.38 in attorneys' fees and $515.00 in litigation costs, for a total award in the amount of $12,109.38.

## IV. RECOMMENDATION

For the reasons set forth above, it is respectfully recommended that Ms. Doyle's motion for attorney's fees and costs be **GRANTED IN PART AND DENIED IN PART**. It is respectfully recommended that Ms. Doyle be awarded $11,594.38 in attorneys' fees and $515.00 in litigation costs, for a total award of $12,109.38.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

12/1/2017 10:35:11 AM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
cc: All parties
File